IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. WHITE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0705-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael J. White, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving a 30-year sentence on a 1989 conviction for aggravated sexual assault of a child. When it became apparent that he would not be considered for early release to mandatory supervision, petitioner challenged the validity of the Texas mandatory supervised release statute in an application for state post-conviction relief. His application was denied without written order. *Ex parte White*, No. 23,484-05 (Tex. Crim. App. Jan. 4, 2006). Petitioner then filed this action in federal court.

II.

In his sole ground for relief, petitioner contends that the Texas statute making him ineligible for release to mandatory supervision violates the due process clause of the Fourteenth Amendment to the United States Constitution and is void for vagueness. Under the law in effect at the time

petitioner committed the instant offense:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the [Parole] Board when the calendar time he has served plus any accrued good conduct time equals the maximum term to which he was sentenced.

Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c), repealed Sept. 1, 1997, *now codified at* TEX. GOV'T CODE ANN. § 508.147(a) (Vernon 2003). The Fifth Circuit has interpreted this statute to create an expectancy of early release to those inmates whose calendar time combined with good time credits equal the sentence imposed. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000), *citing Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). However, the same statute exempts inmates convicted of certain offenses, including aggravated sexual assault of a child, from obtaining release to mandatory supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c)(6), *now codified at* TEX. GOV'T CODE ANN. § 508.149(a)(8).

In an attempt to circumvent the plain language of this statute, petitioner argues that his eligibility for mandatory supervised release should be determined by "the essential characteristics of his crime," rather than the classification of the offense. (*See* Pet. Mem. Br. at 4). Not surprisingly, no authority is cited for this novel proposition. It was well-within the constitutional prerogative of the Texas legislature to prevent inmates serving sentences for certain crimes from obtaining early release. Aggravated sexual assault of a child is one of those crimes. Nor is the Texas statute unconstitutionally vague as petitioner alleges. To the contrary, the exceptions to mandatory supervised release are well-defined and explicitly set forth in the statute. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972) (statute is void for vagueness when it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute).

Because petitioner is not eligible for release to mandatory supervision, he does not have a liberty interest grounded in either state law or the due process clause. Consequently, he is not entitled to federal habeas relief.[1]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent also seeks dismissal on limitations grounds because petitioner did not file this action within one-year of the date the factual predicate of his claim "could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Wheat v. Dretke*, No. 3-05-CV-1315-H, 2005 WL 1667832 at *1 n.1 (N.D. Tex. Jul. 15, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1837154 (N.D. Tex. Aug. 3, 2005) (declining to address affirmative defense of limitations where petitioner was not entitled to relief on the merits).